**Leon David LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. PD–181–05.

Court of Criminal Appeals of Texas.

May 24, 2006.

David Alan Disher, Houston, for appellant.

B. Warren Goodson, Jr., Asst. Crim. Dist. Attorney, Galveston, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PRICE, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Today we review the appellant's complaint that the court of appeals "allowed the resurrection of the one witness rule to be used during voir dire to eliminate quali-

fied jurors for cause." Our examination reveals that the one witness rule was not eliminated by our jurisprudence, as the appellant claims, but merely clarified. We affirm the court of appeals' determination that the venire persons were validly challenged for cause by the State's proper commitment questioning.

## I. Facts and Procedural History

The appellant was charged with indecency with a child. During voir dire, the State offered a hypothetical specifically to one juror, although the facts of the hypothetical were presented before the entire panel, in which a fourteen-year-old jogger was touched on either the breast or genitals as she ran near the beach. At the hypothetical assailant's trial, which occurred two years after the fictional incident, the victim was the only witness and her testimony was the only evidence offered against the assailant to convict him. After offering this hypothetical, the State asked, ". . . assume for me that you do believe her testimony beyond a reasonable doubt, you do believe her, and it meets all the elements of the charge, indecency with a child by contact, assume for me that you do believe her beyond a reasonable doubt, could you convict that hypothetical defendant of that charge or would you require some other witness or some other evidence?"

After eliciting an affirmative response from the first juror, the State continued asking individual jurors a question similar to the one it asked the first juror. In some instances the State asked a variation of the following question: "One witness, if you believed her beyond a reasonable doubt could you convict at that point or would you require more?" In other cases, the State simply followed up one juror's response by asking the next juror, ". . . what do you think?" Several of the venire persons conceded that they would be unable to convict in this scenario and the State moved the trial court to strike them for cause. The trial court granted the State's motions to strike these venire persons, and the appellant was convicted. On appeal, the appellant complained that the State improperly committed prospective jurors to convict based upon the question of whether they could convict if they believed the testimony of one witness beyond a reasonable doubt.

The court of appeals analyzed the State's questioning in light of *Standefer v. State*,[1] which set forth a three-prong test to determine whether a voir dire question calls for an improper commitment.[2] The first prong of *Standefer* asks whether a particular question is in fact a commitment question.[3] The court of appeals held that the question posed by the State was indeed a commitment question, and that this prong of *Standefer* was satisfied, because "it required prospective jurors to commit to convict a defendant or to resolve issues concerning witness credibility under a particular set of facts—the testimony of only one witness." [4]

To address the second prong of *Standefer*, which asks whether the commitment question gave rise to a valid challenge for cause,[5] the court of appeals held that "a prospective juror is properly subject to challenge for cause if he indicated that he could not convict based on the testimony of

---

1. 59 S.W.3d 177, 179–82 (Tex.Crim.App. 2001).

2. *Lee v. State,* 176 S.W.3d 452 (Tex.App.2004)

3. 59 S.W.3d at 179.

4. *Lee,* 176 S.W.3d at 460 (*citing Lydia v. State,* 109 S.W.3d 495, 499 (Tex.Crim.App.2003)).

5. 59 S.W.3d at 181–82.

one witness, *even if* he believed that witness beyond a reasonable doubt." [6] This, the court of appeals said, "would hold the State to a higher standard than 'beyond a reasonable doubt.'" [7]

Finally, the court of appeals analyzed the third prong of *Standefer*, asking whether the question included only "necessary facts." [8] According to the court of appeals, the "key" to understanding the third prong of *Standefer* is that a hypothetical cannot contain "too many case-specific facts." [9] The court of appeals held that the State did not attempt to commit the prospective jurors in conjunction with specific facts of the case because "the question was not unnecessarily fact intensive, but only included those facts necessary to determine whether a prospective juror was challengeable for cause." [10] Having evaluated the State's commitment question according to the three-prong test of *Standefer*, the court of appeals held that the question was "not designed to bind the prospective jurors to a position based on a particular set of facts, but sought to elicit whether the jurors could impartially judge the credibility of a witness and follow the law." [11]

We have granted the appellant's petition to examine his claim that the court of appeals "allowed the resurrection of the one witness rule to be used during voir dire to eliminate qualified jurors for cause."

## II. Law and Analysis

The appellant claims that *Standefer* "expressly outlawed the one witness rule" and that the court of appeals has improperly "resurrected" it by holding that "a prospective juror is properly subject to challenge for cause if he indicated that he could not convict based on the testimony of one witness, *even if* he believed that witness beyond a reasonable doubt." [12] Essentially, the appellant is concerned about the court of appeals's evaluation of the second prong of *Standefer*, which asks whether the commitment question gave rise to a valid challenge for cause. [13] His argument is that the "one witness rule" has been "expressly outlawed" so that a valid challenge for cause could not result from its use.

To support his claim that the one witness rule has been "expressly outlawed," the appellant looks to a footnote in the *Standefer* decision, which says that the bare question, "Could you find someone guilty on the testimony of one witness?," is improper. [14] In *Castillo v. State* we did indeed hold that commitment to such a question would not give rise to a valid challenge for cause, because "before the trial court may sustain a State's challenge for cause on the ground that the venire person will not convict on the testimony of a single eyewitness, it must be demonstrated to the trial court that the venire person's categorical refusal is predicated upon something other than his understand-

---

6. *Lee,* 176 S.W.3d at 460 (*citing Castillo v. State,* 913 S.W.2d 529, 533 (Tex.Crim.App. 1995)).

7. *Id.* (*citing Coleman v. State,* 881 S.W.2d 344, 360 (Tex.Crim.App.1994)).

8. *Id.,* at 461.

9. *Ibid.*

10. *Ibid.*

11. *Id.,* at 462.

12. *Lee,* 176 S.W.3d at 460 (*citing Castillo v. State,* 913 S.W.2d 529, 533 (Tex.Crim.App. 1995)).

13. 59 S.W.3d at 181–82.

14. *Id.,* at n. 28.

ing of proof beyond a reasonable doubt." [15] "Otherwise," we pointed out, "there is no indication the [venire person] cannot follow the law, and the State has failed to carry its burden to show the [venire person] should be excused." [16]

■ The appellant's reliance on *Standefer* as having "expressly outlawed" the one witness rule, however, is misguided. In *Castillo*, we identified a use of the "one witness rule" that would give rise to a valid challenge for cause.[17] For example, a juror is validly challenged for cause if he acknowledges in his voir dire that "even if [he] heard one eyewitness and [he] believed the witness beyond a reasonable doubt and that eyewitness' testimony proved the indictment beyond a reasonable doubt, [he] would still require additional evidence before [he] would return a verdict of guilty[.]" [18] That juror "was therefore challengeable for cause because he would not convict on the basis of a single eyewitness even if that was enough to convince him of guilt beyond a reasonable doubt." [19] Such a juror "has an agenda of his own for conviction, but one which bears no relation to the law," and is properly challenged for cause.[20] Thus, the one witness rule was never "outlawed," though it was examined and clarified by this Court's authoritative jurisprudence. In that sense, the court of appeals cannot be faulted for "resurrecting" the one witness rule, as it was never dispatched.

Having concluded that the court of appeals did not improperly resurrect an "out-lawed" legal principle, our inquiry, then, is whether the commitment question posed by the State "demonstrated to the trial court that the venire person's categorical refusal was predicated upon something other than his understanding of proof beyond a reasonable doubt." [21] The rule is clearly set forth in *Castillo*: If these jurors were challenged for cause simply because they needed more than one witness to convict, then they were invalidly challenged for cause. If they were challenged for cause because they could not convict based upon one witness whom they believed beyond a reasonable doubt, and whose testimony proved every element of the indictment beyond a reasonable doubt, then they were validly challenged for cause.[22]

■ The State's original question to the first juror was: " . . . assume for me that you do believe her [the single witness's] testimony beyond a reasonable doubt, you do believe her, and it meets all the elements of the charge, indecency with a child by contact, assume for me that you do believe her beyond a reasonable doubt, could you convict that hypothetical defendant of that charge or would you require some other witness or some other evidence?" Clearly, this question goes beyond the abbreviated question identified in *Castillo*, because it elicits more than whether the juror could convict with the testimony of one witness alone.[23] It goes on to ask whether the juror could convict on the one witness's testimony if the juror "believed [the witness] beyond a reason-

---

**15.** 913 S.W.2d 529, 534 (Tex.Crim.App.1995).

**16.** *Id.,* at 534.

**17.** *Ibid.* (*citing Caldwell v. State,* 818 S.W.2d 790, 796 (Tex.Crim.App.1991)).

**18.** *Ibid.* (*citing Caldwell v. State,* 818 S.W.2d 790, 796 (Tex.Crim.App.1991)).

**19.** *Ibid.*

**20.** *Id.,* at 533–34.

**21.** 913 S.W.2d 529, 534 (Tex.Crim.App.1995).

**22.** *Id.* at 533–34.

**23.** *Ibid.*

**624**

able doubt" and the witness's testimony was sufficient to convince the juror of "all the elements of the charge" of "indecency with a child." This language is consistent with the language of *Castillo* that gave rise to a valid challenge for cause because a juror acknowledged in his voir dire that "even if [he] heard one eyewitness and [he] believed the witness beyond a reasonable doubt and that eyewitness' testimony proved the indictment beyond a reasonable doubt, [he] would still require additional evidence before [he] would return a verdict of guilty[.]" [24]

■ The language used by the State that was appropriate under *Castillo* was limited to the first juror, however. Never again in the State's questioning did the State refer to being convinced as to the elements of the charge of indecency with a child beyond a reasonable doubt. For example, in some instances, the State merely called a juror by name after the previous juror answered the question or asked only "What do you think?" Viewed in the abstract and singularly, these questions arguably do not flesh out each juror's view on whether he or she would convict based on one witness they believed by a reasonable doubt who convinced them of the elements of a crime. But we do not view the questioning of each juror in isolation. In context, these later questions appear to be merely short-hand renditions of the original question that properly elicited whether the venire persons could follow the law, and we think it reasonable to presume the venire persons understood the later questions in this manner. Therefore, the court of appeals was correct in holding that the commitment gave rise to a valid challenge for cause.

### III. Conclusion

The court of appeals did not err in affirming the appellant's conviction for inde-

cency with a child. We affirm the judgment of the court of appeals.

WOMACK, J., dissented.

**24.** *Id.* (citing *Caldwell v. State,* 818 S.W.2d 790, 796 (Tex.Crim.App.1991)).