NUMBER 13-05-713-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

STANLEY EUGENE CLARK,                                                          Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

                             

On appeal from the 122nd District
Court of Galveston County, Texas.

 

 

MEMORANDUM OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                            Memorandum Opinion
by Justice Garza








A jury convicted appellant, Stanley Eugene Clark, of
aggravated sexual assault of a child.  See
Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2004‑05).  The court assessed punishment at 30 years= confinement. 
By two issues, appellant challenges his conviction contending that the
trial court erred in (1) denying his motion for instructed verdict because
venue was improper in Galveston County, and (2) in granting the State=s challenges for cause based on venire members= answers to the Aone
witness rule.@  For the
reasons that follow, we affirm.   

I. Motion for Instructed Verdict 

In his first issue, appellant contends that the
trial court erred in denying his motion for instructed verdict.  Specifically, he claims that the State did
not prove that the offense occurred in Galveston County, Texas, as alleged by
the indictment.  The State responds that
the evidence presented at trial, that one of the offenses took place in Texas City,
which is located in Galveston County, supports the jury=s finding that the offense occurred in Galveston
County.[1]   

We treat a challenge to the trial court=s denial of a motion for instructed verdict as a
challenge to the legal sufficiency of the evidence.  See Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996).  We review
the legal sufficiency of the evidence by viewing the evidence in the light most
favorable to the verdict to determine if any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  In a legal
sufficiency review, we may not substitute our own judgment for that of the fact
finder.  Id.  








As a general rule, venue is proper in the county in
which a sexual offense is alleged to have taken place.  Tex.
Code Crim. Proc. Ann. art. 13.15 (Vernon 2005).  The burden of proof is on the State to
establish proper venue by a preponderance of the evidence.  Id. at art. 13.17 (Vernon 2005).  Failure to prove venue in the county of
prosecution is reversible error.  See
Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983).  

The child victim testified that appellant assaulted
her twice, once while she was living at the Gulf Royale Apartments in Texas
City, which is located in Galveston County, and a second time while she was
living in Houston, which is in Harris County. 
We hold that this evidence is sufficient to prove venue in Galveston
County; therefore, we overrule appellant=s first issue.[2]  

II. Challenge for Cause 

In his second issue, appellant contends that the
trial court abused its discretion by granting the State's twenty-four
challenges for cause because the State's questions called for an improper
commitment on the part of venire persons regarding the Aone witness rule.@  The standard of review for granting a
challenge for cause and overall conduct of the voir dire process is clear abuse
of discretion.  Colburn v.State, 966
S.W.2d 511, 517 (Tex. Crim. App. 1998). 








The rule is clearly set forth in Castillo: If
these jurors were challenged for cause simply because they needed more than one
witness to convict, then they were invalidly challenged for cause. If they were
challenged for cause because they could not convict based upon one witness whom
they believed beyond a reasonable doubt, and whose testimony proved every
element of the indictment beyond a reasonable doubt, then they were validly
challenged for cause.  See Castillo v.
State, 913 S.W.2d 529, 533-34 (Tex. Crim. App. 1995); see also Lee v.
State, 2006 Tex. Crim. App. LEXIS 1005 at *9-10 (Tex. Crim. App. May 24,
2006).   

The State=s questioning was as follows:   

 

STATE:                      When I was asking you questions
earlier about the one witness rule, do you recall that?

 

VENIRE PERSON:   No. 

 

STATE:                      Let
me rephrase it briefly.  If all the State
had was one witness and you believed that one witness beyond a reasonable doubt
on what the accusation is, what the charge is, could you convict at that point
or would you require the State to bring you a second or third witness?

 

VENIRE PERSON:   I=d need more. 
I=d need more evidence.

 

STATE:                      Would
you require the State to bring you more evidence, is my question.  I understand you may need more evidence - - 

 

VENIRE PERSON:   Yes.  

 

Throughout voir dire, the State asked the other
venire members whether they would need more proof, even if they already
believed beyond a reasonable doubt that the evidence - testimony from one
person - showed that the appellant had committed the offense.  The venire members who answered Ayes@ essentially said that they were not able to follow
the law because they would not convict even if they believed beyond a
reasonable doubt that the defendant was guilty of the crime.  The State moved to challenge those venire
members for cause under the Aone witness rule.@ 








The language used by the State is consistent with
the language of Castillo that gave rise to a valid challenge for cause
because a juror acknowledged in his voir dire that Aeven if [he] heard one eyewitness and [he] believed
the witness beyond a reasonable doubt and that eyewitness' testimony proved the
indictment beyond a reasonable doubt, [he] would still require additional
evidence before [he] would return a verdict of guilty[.]@ See Castillo, 913 S.W.2d at 533-34; Lee, 2006 Tex. Crim. App. LEXIS 1005 at
*11.

Accordingly, we conclude that the trial court did
not abuse its discretion in allowing the challenges for cause.  Appellant=s
second issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of July, 2006.











[1] During trial, the victim testified
that she had been sexually assaulted by appellant on two separate occasions,
once in Houston (Harris County) and once in Texas City (Galveston County).  See Tex.
R. Evid. 201.   





[2] To the extent that appellant
suggests that the introduction of testimony concerning the Houston offense
confused the jury as to which offense they were convicting him of, we find this
argument without merit.  The indictment
clearly states that the offense charged took place in Galveston County.  Further, the jury charge instructs the jury
to find that appellant committed sexual assault in Galveston County.  In addition, the State=s closing argument clearly explains
to the jury that the State proved beyond a reasonable doubt that the offense
occurred at the victim=s residence in Texas City and that
appellant was not on trial for the offense that occurred in Harris County.  We generally presume the jury follows the
trial court's instructions in the manner presented.  See Williams v. State, 937 S.W.2d 479,
490 (Tex. Crim. App. 1996) (jury presumed to follow court's instructions as
given).