Opinion issued March 5, 2009 

 







 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-01031-CR

 01-07-01032-CR

 01-07-01033-CR






EDWIN KENNETH TUCKER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause Nos. 07CR3011, 07CR3012, 07CR3013






MEMORANDUM OPINION


 A jury convicted appellant, Edwin Kenneth Tucker, of the offenses of
indecency with a child by exposure, (1) aggravated sexual assault of a child, (2) and
indecency with a child by exposure. (3) The jury then assessed punishment at 12 years'
confinement on the aggravated sexual assault charge and 10 years' confinement on
each of the indecency charges. In three related points of error, appellant complains
that the trial court erred by asking questions about the "one witness rule" during voir
dire, and that trial counsel was ineffective for failing to object to the State's remarks
about the "one witness rule" during voir dire. We affirm.

VOIR DIRE ON THE "ONE-WITNESS RULE"

 Texas Code of Criminal Procedure article 38.07 provides as follows:

 (a) A conviction under Chapter 21, Section 22.011, or Section 22.021,
Penal Code, is supportable on the uncorroborated testimony of the
victim of the sexual offense if the victim informed any person, other
than the defendant, of the alleged offense within one year after the date
on which the offense is alleged to have occurred.


 (b) The requirement that the victim inform another person of an alleged
offense does not apply if at the time of the alleged offense the victim
was a person: 

 (1) 17 years of age of younger[.]


Tex. Code Crim. Proc. Ann. art 38.07 (Vernon Supp. 2008). This statute applies
the "one-witness rule" to child sexual assault and indecency cases. Specifically, the
statute provides that the testimony of a child victim alone is sufficient to support a
conviction for indecency with or sexual assault of a child. See Lee v. State, 176
S.W.3d 452, 458 (Tex. App.--Houston [1st Dist.] 2004], aff'd, 206 S.W.3d 620 (Tex.
Crim. App. 2006).

 During voir dire, the trial court instructed the prospective jurors as follows:

 You have to be able to follow the instructions that I give and the
statement that in order to convict the State must prove each and every
element of the offense and it can be done with only one witness, if you
believe that person as to each and every element. If you don't believe
that person, then you wouldn't be able to convict.


 If you believe each and every element and that's all you have, is the
word of one witness and nothing else, then it depends on whether or not
you believe that person has proven all of the elements beyond a
reasonable doubt, but the case can go to a jury with just --I'll put it this
way: If testimony is offered by one witness in the case and in my mind
the witness has testified about all the elements of an offense and, even
then, it's up to the jury whether or not they believe that person or not,
then I'll let that juror make that decision and because the law permits
that. That's what we mean about the one-witness rule.


 So, but ultimately the jury is the one that determines: Is that person
telling the truth[?] Do I believe that person and did that person testify as
to all the elements of the offense. And that's what that means. If you
cannot follow that rule, and it's perfectly all right if you tell me that you
cannot follow that rule, then you wouldn't be qualified to sit on the jury. 
So I guess you can ask your questions again.


 The prosecutor also, without objection, questioned the venire members about
their ability to follow the "one-witness rule."

 [I] have to prove each and every element to you beyond a reasonable
doubt. If I don't prove one element to you, you'd have to acquit. That's
my job, is to bring you all the facts that will support each element that
I have to prove. That's why the burden is on me to prove each and every
case beyond a reasonable doubt.


 One of the things that the legislature also allows me to do is present a
witness to you and if that one witness can testify to all the elements that
I have to prove to you beyond a reasonable doubt, and you believe that
witness, you can convict on the testimony of one witness. The law
allows that. The kicker to that is they have to testify to all the elements
and you have to believe them. So they come, some testify to all of the
elements, but you might not believe them and if its just one witness I
produce to you, then I haven't proven my case; does everybody
understand that? Can everyone follow the law? If I produce one
witness that can testify to all of the elements and you believe that
witness, can you--is that enough for you?


 After voir dire, all witnesses who indicated that they could not follow the "one-witness" rule, as explained to them by the Court and the prosecutor, were struck from
the jury for cause.

 In his first point of error, appellant contends the trial court erred by instructing
the prospective jurors on the "one-witness rule" because by doing so, he lessened the
State's burden of proof. In points of error two and three, appellant contends his trial
counsel was ineffective for not objecting to the voir dire discussions regarding the
"one-witness rule."

 Both the Court of Criminal Appeals and this Court have held that it is proper
for the State to ask during voir dire if jurors can convict based on the testimony of
one witness if the jurors believe that witness beyond a reasonable doubt on all of the
necessary elements establishing an offense because a negative answer by a juror to
the question renders the prospective juror challengeable for cause. See Lee v. State,
206 S.W.3d 620, 623-24 (Tex. Crim. App. 2006), Castillo v. State, 913 S.W.2d 529,
533 (Tex. Crim. App. 1995); Blackwell v. State, 193 S.W.3d 1, 19 (Tex.
App.--Houston [1st Dist.] 2006, pet. ref'd).

 The voir dire questions in this case are also proper because they inform the
prospective jurors that they may convict based on the testimony of a single witness
if the witness provides evidence on each element of the offense and if the prospective
jurors believe the witness. Under Lee, Castillo, and Blackwell, the voir dire questions
in this case were not objectionable, thus the trial court did not abuse its discretion by
permitting the questions. See Blackwell, 193 S.W.3d at 19 (holding that we will not
disturb trial court's ruling on propriety of voir dire questions absent abuse of
discretion.) Similarly, trial counsel is not ineffective for failing to object to a proper
voir dire question.

 We overrule points of error one, two, and three.

CONCLUSION

 We affirm the judgments of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. § 
 ---
2. § 
 ---
3. § 
 ---