# NO. 12-19-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL LYNELL HORACE, SR.,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Darrell Lynell Horace, Sr. appeals his conviction for attempted burglary of a habitation. In one issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. We affirm.

### BACKGROUND

Appellant was charged by indictment with attempted burglary of a habitation as follows:

> With the specific intent to commit the offense of Burglary of a Habitation . . . owned by Alexandria Hamilton, do an act, namely: strike a door and/or attempt to open a window of said habitation, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

The indictment further alleged that Appellant previously was convicted of six felonies. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

The jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for fifteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

In his sole issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. As part of this issue, Appellant contends that we should ignore testimony offered by an accomplice witness because such testimony was uncorroborated.

**Standard of Review**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Accomplice Witness Testimony

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art 38.14 (West 2005).

Such evidence "is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense." *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011) (citing *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009)). According to the Texas Court of Criminal Appeals,

> No precise rule can be formulated as to the amount of evidence required to corroborate. The nonaccomplice evidence does not need to be in itself sufficient to establish guilt beyond a reasonable doubt. Nor must the nonaccomplice evidence directly link the accused to the commission of the offense. While the accused's mere presence in the company of the accomplice before, during, and after the commission of the offense is insufficient by itself to corroborate accomplice testimony, evidence of such presence, coupled with other suspicious circumstances, may tend to connect the accused to the offense. Even apparently insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration.

*Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996) (citations omitted). In determining whether the nonaccomplice evidence tends to connect the defendant to the commission of the offense, "we view the evidence in the light most favorable to the jury's verdict." *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008).

## Burglary of a Habitation

To prove the Appellant committed burglary of a habitation, the State was required to demonstrate that he (1) with the specific intent to commit burglary of a habitation, (2) performed an act, namely striking a door and/or attempting to open a window of said habitation, (3) which amounted to more than mere preparation that tended but failed to effect the commission of the intended offense. *See* TEX. PENAL CODE ANN. §§ 15.01(a), 30.02(a)(1) (West 2019).

### *The Evidence*

In the instant case, Alexandria Hamilton testified that she lived in a house in Houston County, Texas with her husband. Hamilton further testified that on February 20, 2018, her husband came home from work to eat lunch at their house. She stated that after he left the house to return to work, a group of men drove a car into the driveway and parked near the house, at which point, three men she did not recognize exited the vehicle[2] and approached the front porch. She further stated that one of the men knocked on the front door. Hamilton testified that she did not answer the door because she did not recognize the men, and the men eventually got in the car and drove away. Hamilton testified that, later that day, the men returned in the same car and parked near her front porch. She stated that one of the men again knocked on her door, but much more aggressively than before. She also stated that one of the other men was "banging" on the back door of her house as well. Hamilton testified that one man approached her bedroom window, while another approached a living room window to the left of the front door. She described how it was apparent that the living room window was being pushed hard enough that the force could be felt in the chairs next to it. She also described how one of the men attempted to pull up the bedroom window. Hamilton stated that after about five minutes, the knocking was getting "so crazy" that she yelled, "Get the hell off my door[.] I'm calling the police." At that point, according to Hamilton, the men returned to the car and she saw Appellant in addition to the three others. She testified that Appellant was not among the first two individuals to return to the car, which caused her to conclude that he was coming from the side of her house. Hamilton testified that they left without saying anything.

Issachar Marshall testified that he, Appellant, Darrell Horace, Jr., and Jacoriance Wooten were driving to Grapeland, Texas to look at a car. Marshall further testified that the car's owner

---

[2] The record reflects that Hamilton later described the vehicle to a 9-1-1 dispatch operator as a silver car with no hubcaps.

4

was not there when they arrived in Grapeland, and Appellant suggested that they look at a go-cart they had seen at a house during the drive to Grapeland. Marshall stated that when they arrived at the house, Appellant and Horace, Jr. exited the vehicle and Appellant approached the front door while Horace, Jr. walked to the rear of the house. According to Marshall, after Appellant knocked on the door for several minutes, he and Horace, Jr. returned to the car and the group drove back to Grapeland to see if the car was available for them to inspect. Marshall testified that, once again, the car's owner was not there when they arrived, and they returned to the house where the go-cart was located. Marshall further testified that when they arrived, Appellant and Horace, Jr. again exited the vehicle and approached the house—Appellant went to the front door and Horace, Jr. walked to the rear of the house. Marshall stated that Horace, Jr. returned to the vehicle a short time later and said something to Wooten, who, in response, exited the vehicle and accompanied Horace, Jr. to the rear of the house. Marshall described how Appellant was knocking on the front door in an unusual manner by facing away from it and kicking it repeatedly with the heel of his shoe. Marshall also stated that after about eight minutes, the three men hastily retreated to the car from their various positions around the house's exterior. Marshall testified that Appellant got into the back seat of the car with him and said, "Someone is there" and someone was trying to get in the back window with a machete. Based on what he observed, Marshall opined that Appellant was attempting to determine if anyone was in the house while Horace, Jr. and Wooten attempted to get into the house using a machete. Marshall stated that he believed the other three men intended to "rob the house."

*Discussion*

We first consider whether Marshall's testimony sufficiently was corroborated.[3] As set forth above, Hamilton testified that a group of men drove a car into the driveway and parked near the house, at which point, three men she did not recognize excited the vehicle and approached the front porch. She further testified that one of the men knocked on the front door and, when she did not answer the door, the men eventually got in the car and drove away. Hamilton stated that a short period of time later, the men returned in the same car and parked near her front porch. She further

---

[3] An accomplice is someone who participates with the defendant before, during, or after the commission of a crime and acts with the required culpable mental state. *See Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008) (citing *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004)). It is undisputed that Marshall pleaded "guilty" to attempted burglary, arising from the same circumstances underlying the instant case. Consequently, he is an accomplice as a matter of law. *See Paredes*, 129 S.W.3d at 536 ("An accomplice as a matter of law is one who is susceptible to prosecution for the offense with which the accused is charged or a lesser included offense").

5

stated that one of the men again knocked on her door, but much more aggressively than before, and one of the other men was "banging" on the back door of her house as well. Hamilton testified that one man approached her bedroom window, while another approached a living room window, and she described the living room window was being pushed hard enough that the force could be felt in the chairs next to it. She also described how one of the men attempted to pull up the bedroom window. Hamilton stated that after about five minutes, she threatened to call the police and the men returned to the car. Hamilton identified Appellant as being among the men she saw returning to the car.

Furthermore, Henderson County Sheriff's Deputy William Gardner testified that he assisted a fellow officer who detained a group of men in a car matching the description of the vehicle seen at Hamilton's home. He identified Appellant as one of the individuals in the car that day.

Hamilton's and Gardner's testimonies establish Appellant's presence at Hamilton's home and, later, his presence in the vehicle Hamilton described having seen at her home. Hamilton's description of someone's aggressively knocking at her front door closely corresponds with Marshall's description of Appellant's repeatedly kicking the front door with the heel of his shoe. Further, Hamilton's testimony of men approaching her house from the front and the rear closely mirrors Marshall's testimony that Horace, Jr. and Wooten were attempting to gain entry to the rear of the house using a machete while Appellant kicked the front door with his shoe heel. Having considered the aforementioned evidence in a light most favorable to the jury's verdict, we conclude that the jury rationally could have found that such evidence sufficiently tended to connect Appellant to the offense. *See Smith*, 332 S.W.3d at 442.

As a result, we have considered Hamilton's testimony in conjunction with Marshall's testimony as set forth above in a light most favorable to the verdict. Having done so, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant intended to burglarize Hamilton's house, struck at her door with the heel of his shoe, and attempted to open a window to her home. *See* TEX. PENAL CODE ANN. §§ 15.01(a), 30.02(a)(1). Further, based on the entirety of the circumstances, the jury rationally could have found beyond a reasonable doubt that Appellant's actions amounted to more than mere preparation that tended but failed to effect the commission of the burglary. *See id.* Therefore, we hold that the evidence is

6

legally sufficient to support the trial court's judgment.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson*, 871 S.W.2d at 186.  Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-19-00002-CR**

**DARRELL LYNELL HORACE, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 18CR-091)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*