In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00196-CR**
_____

**MICHAEL WILLIAM DAVIS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-05-05328-CR**

---

## MEMORANDUM OPINION

A grand jury indicted Michael William Davis Jr. for evading arrest or detention with a motor vehicle, and the indictment alleged that during the commission of the offense or immediate flight therefrom Davis used or exhibited a deadly weapon, namely a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2). The indictment alleged two prior felony convictions as enhancements. A jury found Davis guilty of the offense as alleged in the indictment and found the deadly weapon allegation to be true. Davis elected to have the trial court determine punishment.

1

After a hearing on punishment, the trial court found the enhancement paragraphs to be true and assessed punishment, enhanced by Davis's two prior convictions, at forty years in prison. Davis appealed. In one appellate issue, Davis argues the trial court erred in granting the State's strike for cause as to venireperson number 4 based on the venireperson's answer to the State's questions about the "one-witness rule." Davis contends he objected to the strike of venireperson number 4, that the State used all its peremptory strikes on other panel members and the State should have been required to use one of its peremptory strikes on venireperson number 4, so Davis claims he was harmed because he did not receive a fair trial. We affirm the trial court's judgment.

Standard of Review and Applicable Law

When determining whether the trial court erred in its ruling on a challenge for cause, we examine "the entire record of voir dire to determine if the evidence is sufficient to support the court's ruling[.]" *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011) (citing *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002)). The trial court's ruling is afforded "great deference" since it was able to observe both the demeanor and tone of voice of the venireperson. *Id.* (citing *Feldman*, 71 S.W.3d at 744). Deference is particularly "due when the venireperson's answers are 'vacillating, unclear, or contradictory.'" *Id.* (quoting *Davis v. State*, 313 S.W.3d 317, 344 (Tex. Crim. App. 2010); citing *Moore v. State*, 999 S.W.2d 385,

2

400 (Tex. Crim. App. 1999)). Only when the record shows a clear abuse of discretion will we reverse the ruling. *Id.* (citing *Davis*, 313 S.W.3d at 344).

The State may challenge a juror for cause if "he has a bias or prejudice against any phase of the law on which the State is entitled to rely for conviction or punishment." Tex. Code Crim. Proc. Ann. art. 35.16(b)(3); *Gonzales*, 353 S.W.3d at 831. When a venireperson exhibits such bias or prejudice, "[t]he test is whether the venireperson's 'bias or prejudice would substantially impair [his] ability to carry out his oath and instructions in accordance with the law.'" *Gonzales*, 353 S.W.3d at 831 (citing *Feldman*, 71 S.W.3d at 744). When the State makes such a challenge for cause, it is the State's burden to establish that the venireperson "is in fact incapable of, or at least substantially impaired from, following the law." *Castillo v. State*, 913 S.W.2d 529, 534 (Tex. Crim. App. 1995) (citing *Hernandez v. State*, 757 S.W.2d 744, 753 (Tex. Crim. App. 1988) (plurality op.)). To have the venireperson struck for cause, the State "must show that the venireperson understood the requirements of the law and could not overcome his prejudice well enough to follow the law." *Gonzales*, 353 S.W.3d at 832 (citing *Feldman*, 71 S.W.3d at 747). "Trial courts should follow a policy of liberally granting challenges for cause." *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002). In addition, when the challenge for cause is based on a claim that the venireperson is unable to abide by the "one-witness rule," as in this case, it is not enough to show that the venireperson needed more than one

3

witness to render a guilty verdict. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006); *Castillo*, 913 S.W.2d at 533. Rather, the State must show that the venireperson "could not convict based on one witness whom they believed beyond a reasonable doubt, and whose testimony proved every element of the indictment beyond a reasonable doubt[.]" *Lee*, 206 S.W.3d at 623; *see also Castillo*, 913 S.W.2d at 533.

Analysis

On appeal, Davis argues that the trial court erred in allowing the State to strike venireperson number 4 based on the State's challenge for cause and he contends that harm resulted from the error. During voir dire of the panel, the following exchange occurred between the prosecutor and the venirepersons:

[Prosecutor]: . . . . There's also a rule called the one-witness rule. Let's get into that. A jury -- juror may convict a defendant on the testimony of only one witness if the juror believes that one witness proved beyond a reasonable doubt every element in the indictment. Remember I showed you seven elements to the evading in a motor vehicle? [] The law says that if you believe that one witness was able to prove all of the elements beyond a reasonable doubt to you, you can find them -- the person guilty.

Even if the State proves each element beyond a reasonable doubt through the testimony of one witness, and you find that, that witness is credible, would you require more evidence to find the defendant guilty or can you follow the law and say, Yeah, I can -- if I find them credible, and they prove it, I can find them guilty or would you increase the

4

State's burden and give you more evidence than one witness who is able to prove all of the elements? [Venireperson] 21?

Venireperson: Yeah.

[Prosecutor]: You would make my burden higher --

Venireperson: No. I would not expect more, no.

[Prosecutor]: Okay. Okay. Anybody have any concerns about the one-witness rule? [Venireperson] 61?

Venireperson: I guess I need you to clarify how -- are they proving beyond a reasonable doubt by just their words?

[Prosecutor]: Yeah, they are testifying. They are an eyewitness and testifying and you find this person credible and you believe what they are saying.

Venireperson: I find them credible and believe what they are saying, but there's nothing else?

[Prosecutor]: Their testimony. Would you need more than that?

Venireperson: Yeah, I would.

[Prosecutor]: [Venireperson] 61, you would? Anyone else feel the same as [venireperson] 61?

Venireperson: (Indicating.)

[Prosecutor]: [Venirepersons] 4, 12 -- hold on. Hold on. So, the scenario is that you believe this person. You believe they are telling you the truth. You believe they are credible. They testified, and you are like, Yeah, I believe what they are saying. Even if the State proves beyond a reasonable doubt through one witness and you find that witness credible, would you require more evidence to find the defendant

5

guilty? After I have said that, is there anyone else, other than [venireperson] 61, that would need more -- that would expect the State to have a higher burden than what we already have?

Venireperson: I have a question.

[Prosecutor]: Yes, sir.

Venireperson: Is there other evidence corroborating --

[Prosecutor]: Let's say for this scenario it's just their testimony. That's direct evidence, just their testimony.

Venireperson: I would want more.

[Prosecutor]: So, you don't believe them is what you are saying?

Venireperson: Not necessarily, but it's my opinion.

[Prosecutor]: Okay.

Venireperson: You are asking me to look at someone and have an opinion of whether they are telling the truth or not.

[Prosecutor]: Correct. The scenario is that you actually believe them.

Venireperson: But he could be a really good actor.

[Prosecutor]: But then that's kind of like you don't believe them.

Venireperson: I want proof, and someone telling me something is not proof.

[Prosecutor]: Testimony is evidence.

Venireperson: You still need something factual. Show me.

[Prosecutor]: You are [venireperson] 19?

6

Venireperson:        Yes.

[Prosecutor]:        In the scenario, every element is proven by the testimony, and you believe that testimony. [Venireperson] 39?

Venireperson:        I can say I would believe that person totally, but I would like to have some other evidence, not another person, but other evidence, too, not just that person. It doesn't have to be another person, but other evidence.

[Prosecutor]:        I understand what you are saying. I understand what you are all thinking, but in our scenario, let's just hypothetically say you do believe what they are saying, and they are able to prove all seven elements beyond a reasonable doubt to you.

Venireperson:        How are they proving it if they are just using their words?

[Prosecutor]:        Testimony is evidence.

Venireperson:        People lie.

[Prosecutor]:        Right, but you believe them in the scenario. In your scenario, you don't believe them.

Venireperson:        I have believed a lot of bull[] in my life.

[Prosecutor]:        All right. [Venireperson] 61, we got you. All right, Anybody else need more than just testimony that they believe?

Venireperson:        (Indicating.)

[Prosecutor]:        [Venirepersons] 27, 23, 3 and 4, 54, 62, 70, 65, 74 and 24.

The record shows that the State made a challenge to venireperson number 4 for cause because venireperson number 4 "couldn't follow the one-witness rule." At that time, the trial court did not recall how venireperson number 4 responded to the questioning and the following exchange occurred:

> [Prosecutor]: [Venirepersons] 4 and 23 were the first two hands and then we had a whole bunch and then we backed off and reasked the question verifying that the panel understood he was saying they believed the witness beyond a reasonable doubt as to each element. At the conclusion, the numbers that we had as opposed to the big group -- the smaller group was [venirepersons] 4, 19, 23, 24, 27, 54, 61, 62, and that's it.
>
> The Court: And you are challenging each of those . . . ?
>
> [Prosecutor]: Correct.
>
> The Court: And your response as to those challenges?
>
> [Defense counsel]: My response is that they cannot be struck because all they are commenting on is a higher standard, higher burden of proof than the average person might have. Just because the one person testifying about something - - even if they think they are being somewhat truthful or tend to believe them, it doesn't reach their beyond a reasonable doubt level.

Citing cases such as *Lee* and *Castillo*, the State argued that the questions presented followed the current case law and that the "hypothetical clearly stated that they believed beyond a reasonable doubt that the witness -- the testimony could prove each element. To ask for more than that would be raising the burden on the State."

8

The trial court granted the State's challenges to the venire as to the one-witness rule, including venireperson number 4. Davis did not make a challenge as to any of the members of the venire ultimately seated on the jury.

On appeal, Davis argues that throughout the prosecutor's exchange with the venire panel, "the venire panel [] merely stat[ed] that their personal threshold for beyond a reasonable doubt is beyond just the words of one person[,]" and the prosecutor "never nailed any venire person, including venire member number 4, to the hypothetical that they could believe one witness[']s testimony beyond a reasonable doubt." According to Davis, the panel members "merely stated that their threshold for reasonable doubt went beyond the hypothetical that the State was proposing[,]" and the panels members did not say they could not follow the law and the burden of proof.

We have examined the entire voir dire and it is clear that the prosecutor asked a hypothetical which asked the venire whether, despite having heard one credible witness testify as to all the elements of the crime having been committed by the defendant and having been convinced of the defendant's guilt beyond a reasonable doubt, they still would require additional corroborating evidence before they would convict. Venireperson number 4 responded he would require more than one witness, even though the venireperson believed the testimony of the sole witness proved each element beyond a reasonable doubt. *See Lee*, 206 S.W.3d at 623. Giving great

deference to the trial court's ruling, as we must, we cannot say the trial court abused its discretion in granting the State's challenge for cause as to venireperson number 4. *See Gonzales*, 353 S.W.3d at 831.

That said, even if the trial court's ruling was erroneous, we conclude that Davis has not demonstrated harm necessitating reversal. The alleged error here, an erroneously excluded juror under application of Article 35.16(b)(3), is not of constitutional dimension. *See Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). Accordingly, even assuming the exclusion was error, we must disregard the error in granting the State's challenge for cause unless it affected Davis's substantial rights. *See id.* at 391-92. "[T]he [trial court's] erroneous excusing of a veniremember will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." *Id.* at 394; *see also Cano v. State*, No. 09-13-00223-CR, 2015 Tex. App. LEXIS 1530, at **12-13 (Tex. App.—Beaumont Feb. 18, 2015, no pet.) (mem. op., not designated for publication). Davis did not object to the venirepersons that were ultimately seated on the jury and sworn. And there is no evidence in the appellate record that any of the jurors who were selected and served on the panel were unfit to serve, nor does Davis make such an allegation on appeal. "[W]e presume that jurors are qualified absent some indication in the record to the contrary. In essence, the record shows that the defendant is not harmed by such an error when it contains no indication that those who served on the jury were unfit for

duty." *Ford*, 73 S.W.3d at 925. There is no right to have a particular person on the jury. *Jones*, 982 S.W.2d at 393. When there is no indication in the record that the jurors who actually served were not fit, a defendant is not harmed by error in granting a challenge for cause. *Ford*, 73 S.W.3d at 925. Because Appellant's complaint concerns only venireperson 4 who did not sit on the jury, and Appellant makes no complaint about the members who served on the jury, the record in this case does not show Appellant was deprived of a lawfully constituted jury. *See id.* The error, if one occurred, was harmless.

We overrule Appellant's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 21, 2023
Opinion Delivered March 15, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.