# NO. 12-22-00289-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***CHRISTIAN DEWAYNE SMITH,*** ***APPELLANT*** | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** ***APPELLEE*** | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Christian Dewayne Smith appeals his conviction for assault on a peace officer. In one issue, Appellant contends that the evidence is legally insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

Appellant was charged by indictment with assault on a peace officer and pleaded "not guilty." The indictment further alleged that Appellant had two, prior, felony convictions. The matter proceeded to a jury trial, at which the State put on evidence that Appellant, while apparently under the influence of some sort of narcotic, bit a Smith County Sheriff's Deputy on the wrist while the deputy was attempting to secure Appellant in an upright position. After the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. Thereafter, the jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for ninety-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

**EVIDENTIARY SUFFICIENCY**

In his sole issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment. Specifically, he argues that there is insufficient evidence that he committed the assault with the requisite mental state.

## Standard of Review

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Discussion

To satisfy its burden of proof that Appellant committed the offense of assault on a peace officer as charged in the indictment, the State was required to prove beyond a reasonable doubt that Appellant intentionally, knowingly, or recklessly caused bodily injury to a person, who he knew to be a peace officer, while the officer lawfully was discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b-2) (West Supp. 2022).

As set forth above, Appellant limits his argument on appeal to the State's supposed failure to prove that he committed the assault with the requisite mental state. A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a) (West 2021). A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c). A person's intent to commit a crime "can be inferred from [his] acts, words, and conduct[.]" *Kelly v. State*, No. 11-19-00331-CR, 2021 WL 5115492, at *3 (Tex. App.–Eastland Nov. 4, 2021, no pet.) (mem. op., not designated for publication) (citing *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995)).

In the instant case, the State offered testimony from multiple Smith County Sheriff's Department Officers, each of whom responded to a call from dispatch reporting that a man was standing in a public roadway and pointing a firearm at individuals and motorists. Patrol Sergeant Nathan McMillan testified that when he arrived on the scene, witnesses directed him to

Appellant's location and described Appellant as wearing a red shirt with no pants. McMillan further testified that the witnesses informed him that Appellant had been smoking "weed." However, according to McMillan's testimony, when he observed Appellant's behaving erratically and rolling around in the dirt, he found such behavior inconsistent with the "calm" behavior of someone who has been "smoking weed." McMillian stated that he has dealt with many people who either are on "PCP, meth, heroin, Ecstasy, or multiple types of drugs[,]" and, if Appellant "did [smoke weed, it could be . . . laced with something[,]" which could have caused this type of familiar, erratic behavior. McMillan described how officers carefully approached Appellant and how four or five officers subdued Appellant as he rolled around on the ground and "growled." McMillan testified that, based on his training and experience, Appellant's behavior was consistent with someone who is intoxicated. He further eschewed any notion that Appellant was suffering from a mental health issue, responding instead, "No. It's drugs." McMillan went on to describe Appellant's turning and biting Deputy Vicente Barrientos, who was in uniform and was helping to secure Appellant in an upright, sitting position at the time. McMillan stated that, in his opinion, although Appellant was intoxicated, "he knew what he was doing" when he bit Barrientos. McMillan's body-camera video was admitted into evidence. As the video was played for the jury, McMillan clarified that an EMS employee told him that Appellant's family members stated that Appellant had been "smoking ice and ha[d] been up for a few days." McMillan testified that "ice" either could be crack or methamphetamine.

Barrientos testified as the State's next witness. He recounted that witnesses on the scene informed the officers that Appellant had been smoking marijuana. But based on his observations of Appellant, Barrientos did not believe that Appellant's behavior resulted from his only having smoked marijuana. Instead, Barrientos opined that Appellant's behavior was more likely the result of his having taken a hallucinogenic or a narcotic, which alters the mind more so than does marijuana. Barrientos explained that he previously arrested hundreds of people for possession of contraband such as narcotics, methamphetamine, heroin, cocaine, and crack and that many of those people were high on those substances at the time. As a result of these experiences, he stated that he did not believe Appellant was having mental health issues; he believed Appellant's behavior was a result of intoxication from consuming some kind of narcotic. Barrientos also described to the jury the moment when Appellant bit him on the wrist. He testified that he felt Appellant's teeth on his wrists, which hurt "pretty bad." He further testified that the bite resulted

4

in redness and indentations on his skin. A photograph of the bite mark was admitted into evidence.

Based on our review of the record, including the aforementioned evidence, we note that there is no evidence of record that Appellant suffered from mental health issues or that he was in the midst of a "medical episode," such as a seizure, at the time in question. Instead, the evidence before the jury supports, based on the consistent opinion testimony offered by the officers on the scene, that Appellant's erratic behavior resulted from his intoxication from some sort of narcotic substance or substances. The jury was able to consider these testimonies while watching a video of Appellant, who is depicted with his pants around his ankles, rolling around in the dirt, and growling, before having to be forcibly subdued by four or five officers. The jury also was able to consider Barrientos's testimony about Appellant's biting him, to observe Appellant do so on the video from McMillan's body camera, and to consider McMillan's observation that Appellant "knew what he was doing" when he bit Barrientos. In our consideration of the evidence, we are mindful that voluntary intoxication does not constitute a defense to the commission of a crime. *See* TEX. PENAL CODE ANN. § 8.04(a) (West 2021). We further note that Appellant did not make any argument to the jury that he suffered a medical event or, otherwise, was insane or rendered temporarily insane as the result of his intoxication. *See id.* §§ 8.01, 8.04(b) (West 2021).[2]

Having reviewed the evidence in the light most favorable to the verdict, we reiterate that the jury was free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony and circumstantial evidence alone can be sufficient to establish guilt. *See* ***Rodriguez***, 521 S.W.3d at 827; ***Lee***, 176 S.W.3d at 458. Based on the evidence of record, we are unable to conclude that a jury reasonably could find that Appellant's biting Barrientos was a reflexive or involuntary action resulting from a medical episode or mental health condition, or that it was undertaken unintentionally, unknowingly, or without conscious disregard of a substantial and unjustifiable risk that such a result would occur. *See* TEX. PENAL CODE ANN. § 6.03. Instead, we conclude that the jury reasonably could have found beyond a reasonable doubt that Appellant acted either intentionally, knowingly, or recklessly when he bit Barrientos. *See* ***Kelly***, 2021 WL 5115492, at *3. Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's sole issue is overruled.

---

[2] Appellant does not argue on appeal the trial court abused its discretion in failing to charge the jury in accordance with Texas Penal Code, Section 8.04(c) in mitigation of his punishment.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 8, 2023**

**NO. 12-22-00289-CR**

**CHRISTIAN DEWAYNE SMITH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1793-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*