# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00417-CR

**Andre Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-16-302285, THE HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Andre Jackson guilty of murder, *see* Tex. Penal Code § 19.02(b)(1), and assessed his punishment, enhanced pursuant to the habitual-offender provision of the Penal Code, at confinement for ninety-nine years in the Texas Department of Criminal Justice, *see id.* § 12.42(d). On appeal, appellant challenges the sufficiency of the evidence supporting his conviction. We find no reversible error. However, through our own review of the record, we have found non-reversible error in the trial court's written judgment of conviction. We will modify the judgment to correct the error and, as modified, affirm the judgment.

## BACKGROUND

The evidence at trial showed that Dequincy Fields was a high-level drug dealer in north Austin. Appellant was a mid-level drug dealer associated with Fields. Kenneth Johnson and Maurice Taylor were low-level drug dealers associated with Fields and appellant.

One November night, appellant, Johnson, and Taylor met at a Studio 6 motel, where appellant was staying with his wife, with a plan to go sell drugs in a nearby neighborhood. As they left the motel, appellant retrieved a gun from underneath the hood of a blue Buick, which, the evidence showed, was registered to Fields's girlfriend at Fields's address.[1] The three men left together in the Buick; appellant was driving, Johnson was sitting in the passenger seat, and Taylor was sitting in the back seat.[2]

Testimony from Taylor reflected that at one point during the drive, appellant confronted Johnson, asking him, "Why'd you do it?"[3] In response, Johnson attempted to get out of the car. Before he could, appellant shot him multiple times with the gun that he had retrieved from under the hood. Appellant then drove around for a few minutes until he stopped the car in a nearby residential neighborhood. He and Taylor then pushed Johnson's body out of the car and drove to Fields's home.

A resident of the neighborhood saw Johnson's body as he drove past it on his way home and called 911. Police officers responded to the location and found Johnson in the street, covered in blood and appearing lifeless. Attempts to resuscitate him were unsuccessful. A subsequent autopsy confirmed that Johnson died as a result of multiple gunshot wounds. He sustained five gunshot wounds: four entered the left side of his neck and one entered his left armpit. The medical examiner opined that two of the gunshots—one that entered his neck and

---

[1] Testimony at trial reflected that it is not uncommon for individuals who sell drugs to store a firearm under the hood of their car.

[2] According to Taylor, this seating arrangement was at appellant's direction. Taylor originally sat in the passenger seat, but appellant told him to get in the back.

[3] Other evidence at trial indicated that Johnson had previously robbed Fields, although he later apologized and sought to make amends.

transected his brain stem and one that entered his armpit, penetrated his chest cavity, and hit both lungs—would have been fatal in and of themselves.

At trial, Taylor testified about the events of the night. In addition, residents from the neighborhood where Johnson's body was dumped testified about finding the body and calling 911; the motel manager testified about her familiarity with the individuals involved; Johnson's sister testified about her brother's concerns about his safety before the shooting; police officers testified about the crime scene and their investigation, several witnesses testified about the disposal of the Buick;[4] several expert witnesses testified about electronic evidence recovered during the investigation—including information related to the usage and location of the cell phones of the individuals involved that night; and the medical examiner testified about Johnson's wounds and the manner and cause of his death. Appellant did not testify at trial or present any witnesses on his behalf.

## DISCUSSION

Appellant was charged by indictment with intentionally or knowingly causing Johnson's death by shooting him with a firearm. *See* Tex. Penal Code § 19.02(b)(1). In his sole point of error, he contends that the evidence was insufficient to support his murder conviction.

### Sufficiency of the Evidence

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Lang v. State*, 561 S.W.3d 174, 179 (Tex. Crim. App. 2018). When reviewing the sufficiency of the evidence

---

[4] During the shooting, the passenger window of the car was shot out. The evidence showed that, after the shooting, Fields and appellant attempted to have the car repaired, but the Buick was ultimately sold for scrap metal and destroyed.

to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018); *see Musacchio v. United States*, — U.S. —, 136 S. Ct. 709, 711–12 (2016); *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). In our sufficiency review, we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.); *see Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *see Braughton*, 569 S.W.3d at 608. We consider only whether the factfinder reached a rational decision. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *see Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally" (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010))).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *see also* Tex. Code Crim. Proc. art 36.13 (explaining that "the jury is the exclusive judge of the facts"). Thus, when performing an evidentiary-sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for

4

that of the factfinder. *Braughton*, 569 S.W.3d at 608; *Arroyo*, 559 S.W.3d at 487; *see Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (stating that reviewing court must not usurp jury's role by "substituting its own judgment for that of the jury"). Instead, we must defer to the credibility and weight determinations of the factfinder. *Braughton*, 569 S.W.3d at 608; *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that resolution. *Zuniga*, 551 S.W.3d at 733; *Cary*, 507 S.W.3d at 757; *see Musacchio*, 136 S. Ct. at 715 (reaffirming that appellate sufficiency review "does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts'" (quoting *Jackson*, 443 U.S. at 319)).

Appellant restricts his sufficiency challenge to the element of identity. He does not dispute that the evidence at trial was sufficient to demonstrate that Johnson was shot to death in the Buick that night, only that the evidence failed to establish his identity as the shooter. Specifically, appellant argues that the State failed to exclude Taylor as the shooter, asserting that "Taylor is greatly implicated and there is ample evidence from which a rational finder-of-fact could have concluded he was much more involved than he lead [sic] the authorities to believe." He maintains that "Taylor's self-serving testimony and the lack of physical evidence all weigh in favor of Appellant."

The lacking "physical evidence" evidence that appellant laments is the murder weapon. He observes that the evidence showed that a gun recovered from underneath the hood of appellant's car—three weeks after the shooting—was not the gun used to kill Johnson. However, the murder weapon was not required to prove guilt. "The law requires no particular

5

type of evidence." *Johnson*, 560 S.W.3d at 226; *see Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Further, appellant's focus on evidence missing from the trial evidence is contrary to the well-established procedure for conducting a legal-sufficiency review. *See Clayton*, 235 S.W.3d at 778 (in conducting legal-sufficiency review, courts assess "all of the evidence" admitted at trial to determine whether any rational trier of fact could have found essential elements of crime beyond reasonable doubt). In reviewing the sufficiency of the evidence, we assess whether the jury's finding of guilt was justified considering the evidence that was admitted at trial, not what evidence is absent from the record. Here, the jury heard direct evidence from an eyewitness, and the version of events related by Taylor was corroborated by other evidence at trial.

First, the security video from the motel corroborated the account that Taylor gave about the three men leaving the motel together in the Buick—after appellant retrieved a gun from under the hood—with appellant driving, Johnson sitting in the passenger seat, and Taylor sitting in the back seat. In addition, footage from the Ring video doorbell on Fields's house corroborated Taylor's account of his and appellant's arrival at Fields's house after the shooting. Further, the medical evidence—including the medical examiner's testimony about stippling around the entrance wounds (which indicated a close distance between the gun and Johnson at the time of the shooting), about the angle of entry of the gunshots, and about the trajectory of the bullets through Johnson—corroborated Taylor's description of appellant shooting Johnson as he sat next to him in the front seat.

Moreover, while appellant characterizes Taylor's testimony as "self-serving," the jury was entitled to find his testimony to be credible. The jury, as the exclusive judge of the

facts, is the sole judge of the credibility of witnesses and weight to be given to the testimony and may believe all of a witness's testimony, portions of it, or none of it. *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018); *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). As a reviewing court, we must not usurp this role by substituting our own judgment for that of the jury. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *see Febus*, 542 S.W.3d at 572 ("We may not re-weigh the evidence or substitute our judgment for that of the factfinder.").

The State must prove beyond a reasonable doubt that the accused is the person who committed the offense charged. *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984); *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). The evidence in this case—including the eyewitness testimony and the corroborating evidence—established appellant's identity as the shooter. *See Nisbett v. State*, 552 S.W.3d 244, 266 (Tex. Crim. App. 2018) (observing that circumstantial evidence, such as physical evidence, forensic evidence, or electronic evidence, can link defendant to commission of offense). Therefore, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally or knowingly caused Johnson's death by shooting him with a firearm. We hold that the evidence is sufficient to support appellant's conviction for murder and overrule appellant's sole point of error.

## Error in the Judgment

On review of the record, we observe that the written judgment of conviction in this case contains non-reversible error.

7

First, the judgment states that the "Statute for Offense" is "PC 19.02(c)." This statutory provision of the Penal Code establishes that the offense of murder is, generally, a first-degree felony. However, the applicable statutory provision for the offense for which appellant was convicted is section 19.02(b)(1) of the Penal Code, the statutory provision that defines the offense of intentional and knowing murder.

Second, the judgment indicates that appellant pled "NOT TRUE" to the enhancement paragraphs of the indictment. However, the record reflects that appellant formally entered a plea of "TRUE" to the enhancement paragraphs of the indictment at the beginning of the punishment phase.

Finally, the judgment reflects that the "Findings on Deadly Weapon" are "N/A." However, the indictment in this case alleged the use of a deadly weapon *per se*.[5] Further, the jury found appellant guilty of murder "as alleged in the indictment."[6] Accordingly, the jury made affirmative findings that a deadly weapon was used during the commission of the offense and that the deadly weapon used was a firearm. *See Polk v. State*, 693 S.W.2d 391, 393–94 (Tex. Crim. App. 1985) (explaining that "affirmative finding" means trier of fact's express determination that deadly weapon was actually used or exhibited during commission of offense and outlining circumstances indicative of express deadly weapon finding by trier of fact). The trial court was statutorily required to enter those findings in its judgment. *See* Tex. Code Crim.

---

[5] Specifically, the indictment alleged that appellant "did then and there intentionally or knowingly cause the death of an individual, namely Kenneth Johnson, by shooting Kenneth Johnson with a firearm." A firearm is a deadly weapon *per se*. *See* Tex. Penal Code § 1.07(a)(17)(A) (defining "deadly weapon" as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury").

[6] The verdict form returned by the jury stated, "We, the jury, find the defendant, ANDRE JACKSON, GUILTY of the offense of Murder as alleged in the indictment."

Proc. arts. 42.01, § 1(21) (requiring judgment to reflect affirmative deadly weapon findings); 42A.054(c) (providing that "[o]n an affirmative finding regarding the use or exhibition of a deadly weapon . . ., the trial court shall enter the finding in the judgment of the court"), (d) (providing that "[o]n an affirmative finding that the deadly weapon . . . was a firearm, the court shall enter that finding in its judgment").

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the trial court's written judgment of conviction to reflect that the "Statute for Offense" is "PC 19.02(b)(1)," that appellant's pleas to the enhancement paragraphs of the indictment were "TRUE," and that the "Findings on Deadly Weapon" are "YES, A FIREARM."

## CONCLUSION

Having concluded that the evidence is sufficient to support appellant's conviction for murder but having found non-reversible error in the written judgment of conviction, we modify the judgment as noted above to correct the error and affirm the trial court's judgment of conviction as so modified.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Modified and, As Modified, Affirmed

Filed: May 6, 2020

Do Not Publish

9