# NO. 12-22-00212-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROJELIO BARBOZA,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND DISTRICT* |
| | § | *COURT* |
| *V.* | | |
| | § | *CHEROKEE COUNTY, TEXAS* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | | |

## *MEMORANDUM OPINION*

Rojelio Barboza appeals his conviction for continuous sexual abuse of a young child. In two issues, Appellant argues that the evidence is insufficient to support the trial court's judgment and he received ineffective assistance of counsel at trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a young child. The indictment later was amended multiple times without objection, including an amendment which added predicate acts of abuse against another victim. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged and, following a trial on punishment, assessed his punishment at imprisonment for sixty years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. Specifically, he contends that the respective testimonies of the alleged victims are not specific enough to establish that the instances of sexual abuse to which they testified occurred within the time period set forth in the indictment.

## Standard of Review

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id.*** at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Discussion**

To meet its burden of proof that Appellant committed the charged offense, the State was required to prove that he, during a period of thirty or more days in duration, committed two or more of the alleged acts of sexual abuse at a time when he was seventeen years of age or older and the victim is a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2022). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Buxton v. State*, 526 S.W.3d 666, 676 (Tex. App.–Houston [1st Dist.] 2017, pet. ref'd).

*The Evidence*

In the instant case, A.Z., who was twelve-years-old at the time of trial, testified that in 2014, when she was four or five-years-old, Appellant, who was her uncle, put his penis in her mouth for the first time. She further testified that this occurred two or three more times and that more than thirty days passed between the occurrences. She testified that in 2018,[2] when she was around seven years old, Appellant took her into a room in his apartment, locked the door, told her to take off her pants and sit on top of him, at which point he rubbed her genitals with his hand for several minutes.

Additionally, Appellant's daughter, A.B., who was fifteen-years-old at the time of trial, testified that Appellant touched her genitals in 2014 when she was seven-years-old. She testified that Appellant later touched her genitals on five different occasions over a time span of a year or two. Moreover, A.B. recounted that, on another occasion when she was eight-years-old, she awoke on the floor and discovered that Appellant was using her hand to rub his genitals. A.B. stated that she noticed a "white-like goo" on her hand.

---

[2] A.Z. testified that Appellant touched her genitals when she was around seven-years-old. She testified that in 2018, she was approximately seven or eight-years-old.

3

*Date Range Stated in the Indictment*

Appellant acknowledges that the testimony of a child victim, standing alone and without corroboration, is sufficient to support a conviction for continuous sexual abuse of a young child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b) (West 2023); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.–Dallas 2017, no pet.). Appellant contends, however, that A.Z.'s and A.B.'s respective testimonies are insufficient because they do not support that the instances of abuse occurred within the date range set forth in the indictment of August 1, 2014, through August 1, 2017.

It is a longstanding rule that the state is not required to prove that an offense was committed on the date alleged in the indictment, regardless of whether the words "on or about" are used, but it may prove that the offense was committed on any date prior to the return of the indictment and within the period of limitations.[3] *See Klein v. State*, 273 S.W.3d 297, 304 n.5 (Tex. Crim. App. 2008); *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.–Austin 2011, pet. ref'd). Nonetheless, several courts, including this one, have discussed the necessity of proving that the instances of sexual abuse occurred within the date range specified in the indictment, but only under certain circumstances. For instance, cases prosecuted soon after Section 21.02's enactment often alleged a date range which began on September 1, 2007, the effective date of the statute. *See, e.g.*, *Martin*, 335 S.W.3d at 873. In such cases, because sexual abuse which occurred prior to the statute's effective date could not be used to prove continuous sexual abuse of a young child, it was necessary to prove that the underlying instances of abuse occurred after that date. *See id.*; *see also Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.–Tyler 2015, pet. ref'd); *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.–Austin 2013, pet. ref'd). Moreover, because continuous sexual abuse requires proof that the victim is younger than age fourteen and the actor is older than age seventeen, where the beginning or end of the date range is related to those elements, e.g., where the end date coincides with the date of the victim's fourteenth birthday, specific proof that the alleged instances of sexual abuse occurred within that date range would be necessary. *See, e.g.*, *Martin*, 335 S.W.3d at 873.

Here, the August 1, 2014, through August 1, 2017 date range bears no relation to the effective date of the statute or the ages of Appellant, A.Z., or A.B., and Appellant has not

---

[3] There is no limitations period for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. art. 12.01(1)(D) (West 2005).

directed this court to any other circumstance that would necessitate proof that the underlying instances of sexual abuse occurred within that date range. Accordingly, we conclude that whether the evidence of underlying abuse occurred within the alleged date range has no bearing on the sufficiency of the evidence under the facts of this case. *Cf. Klein*, 273 S.W.3d at 304 n.5.

We have reviewed the record in the instant case in the light most favorable to the jury's verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789. Having done so, we remain mindful that a jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee*, 176 S.W.3d at 458. Moreover, we reiterate that the testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *Garner*, 523 S.W.3d at 271. Based upon our review of the record, we conclude that based on A.Z.'s and A.B.'s testimonies, the jury reasonably could have found that Appellant, during a period of thirty or more days in duration, committed two or more acts of sexual abuse at a time when he was seventeen years of age or older and A.Z. and A.B. each were younger than fourteen years of age. *See* TEX. PENAL CODE ANN. §§ 21.02(b), (c). Appellant's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that his trial counsel was ineffective because he did not object to the State's several requests to amend the indictment.

### Standard of Review and Governing Law

Claims of ineffective assistance of counsel are evaluated under the two-step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.

5

Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim usually must be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Moreover, after proving error, the appellant affirmatively must prove prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss*, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone*, 77 S.W.3d at 837.

**Discussion**

Here, Appellant sets forth in his brief that his attorney's performance at trial fell below the professional norm because he did not object to the State's several requests to amend the indictment, one of which added the allegations of predicate acts of abuse against A.B.[4] Yet, the record before us is silent about trial counsel's strategy or why he chose the course he did. Indeed, Appellant acknowledges in his brief, "The record is absent as to any mention about the

---

[4] As Appellant notes in his brief, he was represented by two different attorneys during the course of proceedings, each of which declined to object to the State's motions to amend the indictment. We refer to "counsel" singularly for ease of reference.

6

indictments or a reason why a challenge to the indictment or its amendments [was] not made. Counsel cannot discern any trial strategy to failing to object[.]"

Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza*, 213 S.W.3d at 348; *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d at 593 (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

Thus, due to the silent record before us, we must presume that Appellant's counsel acted in accordance with sound trial strategy unless his failure to object could be considered so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593. Here, based on our review of the record, we conclude that the "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But counsel's failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented on appeal is quite different from determining whether to object to the State's request to amend an indictment potentially as a matter of trial strategy. *See Scales v. State*, 601 S.W.3d 380, 388 (Tex. App.–Amarillo 2020, no pet.) (counsel's failure to object to amendment of indictment is matter that lies within wide range of reasonable professional assistance, and because there is nothing in record to show why counsel chose not to object to amendment of indictment, court cannot say with certainty that counsel's performance was deficient or fell below objective standard of reasonableness); *cf. Jefferson v. State*, 663 S.W.3d 758, 764 (Tex. Crim. App. 2022) (discussing possibility of sound trial strategy for not objecting to request to amend indictment).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and that Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593; *see also Scales*, 601 S.W.3d at 388; *cf. Jefferson*, 663 S.W.3d at

764. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively.

Appellant also attempts to address the second prong of *Strickland*, arguing that without the State's ability to use A.B.'s testimony under the amended indictment, the jury "conceivably" could have found Appellant "not guilty." However, we are mindful that to satisfy the second prong of *Strickland*, it is not enough for the appellant to show that the alleged errors had some *conceivable* effect on the outcome of the proceedings; instead, he must show that there is a reasonable probability that, but for his attorney's supposed errors, the jury would have had a reasonable doubt about his guilt. *See Burruss*, 20 S.W.3d at 186. Even so, we cannot conclude that had the State not presented evidence that Appellant sexually abused his daughter, A.B., on several occasions over the course of years, the jury would ignore A.Z.'s testimony that Appellant put his penis in her mouth on multiple occasions when she was four or five-years-old and that he, on another occasion, rubbed her genitals for several minutes when she was around seven-years-old. Accordingly, we hold that Appellant has not met his burden under the second prong of *Strickland*. *See id.*

In sum, Appellant cannot overcome the strong presumption that his counsel performed effectively and has not met his burden of proving that there is a reasonable probability that, but for his attorney's supposed errors, the jury would have had a reasonable doubt about his guilt. Accordingly, Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 30 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30 2023**

**NO. 12-22-00212-CR**

**ROJELIO BARBOZA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 21254)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*