# NO. 12-23-00284-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRIN TREVON SCOTT,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darrin Trevon Scott appeals his conviction for engaging in organized criminal activity. In two issues, Appellant contends the evidence is insufficient to support his conviction and the trial court erroneously admitted evidence of extraneous bad acts. We affirm.

### BACKGROUND

On January 18, 2021, the Tyler Police Department responded to a call at Regions Bank in Tyler because an alarm and security footage showed three individuals attempting to steal an automated teller machine (ATM). When police arrived, a truck with chains and hooks connected to the bumper was backed up to the ATM. Thieves stole the truck the previous night and used a screwdriver to start the truck. The bottom door, also known as a beauty door, of the ATM had been pried open, but no money was taken. The suspects attached hooks to the safe compartment and unsuccessfully attempted to pull it free with the truck. The suspects fled after an alarm sounded and alerted the authorities. A bank security officer testified that the ATM contained $102,610 at the time of the offense.

After police were unable to identify the suspects with forensic evidence, detectives turned to cell phone records. In searching the cell phone records for the time and location of the ATM theft, as well as another ATM theft in Tyler, Detective Andrew Mackey identified two phone numbers that showed up in the corresponding cell towers for both. One of those numbers belonged to Appellant. Mackey testified that many suspects of ATM burglaries in Texas had ties to or were trained in the Houston area. And Appellant's records showed several Houston-based numbers connecting to Appellant's phone at the same time. The records also included an "800 number" that allowed the various callers to communicate with each other in a group call. The group call included Jordan Abbs, Jonathan Williams, Tyre Smith, and Edward Williams. Abbs's DNA was found in a hat left in the truck. The cell phone data also showed that Appellant's phone traveled from Houston to Tyler and back to Houston the day before the ATM theft. The day of the ATM theft, Appellant's phone, along with the other Houston numbers, traveled from Houston to Tyler and back to Houston. Appellant's tie to the cell phone number was verified by his address and use of "Cash App." Appellant's phone number and address were also listed by the Texas Workforce Commission and listed on pawn shop tickets prior to the ATM theft in question.

In October 2022, Appellant was apprehended in Missouri after another ATM theft. Officers discovered that Appellant had a warrant out for his arrest in Smith County, Texas, related to this ATM theft. When arrested, Appellant had a cell phone with the same cell phone number that pinged off the towers in Tyler on the date of the ATM theft.

Appellant was charged by indictment with engaging in organized criminal activity, a first-degree felony. Specifically, the indictment alleged Appellant committed the following crime:

> [W]ith the intent to establish, maintain, or participate in a combination or in the profits of a combination, the combination consisting of the defendant and Johnathan Williams, Tyre Smith, Darrin Smith, and Edward Williams, who collaborated in carrying on criminal activity, intentionally and knowingly commit the offense of Theft From An Automated Teller Machine, in an Amount of less than $300,000[.]

Appellant pleaded "not guilty," and the matter proceeded to a jury trial. When the jury could not reach a verdict, the trial court declared a mistrial. After a second trial, the jury found Appellant "guilty," and sentenced him to twenty-two years imprisonment and a $10,000 fine. The trial court also made an affirmative finding that Appellant was a gang member. This appeal followed.

In his first issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, Appellant argues that there is no evidence Appellant committed theft as alleged in the indictment.[1]

**Standard of Review**

The ***Jackson v. Virginia***[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186.

A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient

---

[1] In his brief, Appellant summarily states there is no evidence of (1) a combination of three or more persons who collaborated in carrying on criminal activities or (2) a continuing course of criminal activities. However, Appellant does not support these points with argument. *See* TEX. R. APP. P. 38.1(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

[2] 404 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

to support the conviction.  *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial.  *Id*. at 15.  Juries are not permitted to reach conclusions based on mere speculation or factually unsupported inferences or presumptions.  *Id*.  An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented.  *Id*. at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

## Applicable Law

A person commits the offense of engaging in organized criminal activity if he, with intent to establish, maintain or participate in a combination or in the profits of a combination, commits or conspires to commit an enumerated offense.  *See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2024). Theft is an enumerated offense.  *Id*. § 71.02(a)(1).  A person commits theft if he unlawfully appropriates property with intent to deprive the owner.  *Id*. § 31.03(a) (West Supp. 2024).  As applicable here, "appropriate" means to acquire or otherwise exercise control over property other than real property.  *Id*. § 30.01(4)(B) (West 2019).  The act of carrying away or removing property is not an element of statutory theft. ***Hawkins v. State***, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.).  A person commits criminal attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."  TEX. PENAL CODE ANN. § 15.01 (West 2019).

## Analysis

Appellant urges that the evidence is insufficient to show that he committed the underlying theft.  Because the ATM theft was abandoned and he did not take either the ATM or the money, he contends he committed only attempted theft or criminal mischief.  We disagree.

Appellant points to the testimony of Kathryn Lumley, the Regions Bank corporate security employee, that the ATM contained $102,610 but that none of the money had been taken.

He also points out that "the actors abandoned the project when the alarm went off upon damaging the ATM." Therefore, he contends no theft occurred. When Appellant and his cohorts pried open the beauty door of the ATM, attached the tow chain hooks, and unsuccessfully attempted to pull the ATM safe out of the machine with the truck, they exercised control over the property, which is consistent with the penal code's definition of "appropriate." *See id*. § 31.01(4)(B). Appellant did not "fail to effect the commission" of theft in this case because it is not required that he removed or carried away the property. *See **Ragan v. State***, No. 12-13-00183-CR, 2013 WL 6797734, at *3 (Tex. App.—Tyler Dec. 20, 2013, no pet.) (mem. op., not designated for publication) (holding that act of unplugging transformer sufficient to constitute theft); *see also **Hawkins***, 214 S.W.3d at 670. Therefore, the evidence is sufficient that Appellant committed the underlying theft to support his conviction for engaging in organized criminal activity. We overrule Appellant's first issue.

### EXTRANEOUS BAD ACTS

In his second issue, Appellant contends the trial court abused its discretion in admitting evidence regarding his arrest and pending charges in Missouri. Specifically, Appellant urges that the prejudicial effect of the evidence outweighs its probative value.

### Standard of Review and Applicable Law

We review a trial court's admission of extraneous offenses or acts under an abuse of discretion standard. ***Moses v. State***, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); ***Montgomery v. State***, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. ***Wheeler v. State***, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

Rule 404(b) of the Texas Rules of Evidence provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that the person acted in accordance with the character on a particular occasion, but it may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b). The list of enumerated purposes for which an extraneous offense or act may be admissible under Rule 404(b) is neither exclusive nor exhaustive. ***Montgomery***, 810 S.W.2d at 388. Evidence of extraneous acts may be admissible if it has relevance apart from its tendency to prove a person's character to show that

5

he acted in conformity therewith. *Id.* at 387. However, the fact that evidence of extraneous acts is introduced for a purpose other than character conformity does not, standing alone, make the evidence admissible. *See* **Webb v. State**, 36 S.W.3d 164, 180 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Proffered evidence must also be relevant to a fact of consequence in the case. *Id*. Evidence is relevant if it tends to make the existence of any fact of consequence more probable or less probable than it would be without the evidence. Tex. R. Evid. 401.

Rule 403 of the Texas Rules of Evidence provides as follows: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." **Montgomery**, 810 S.W.2d at 389. Once a trial court determines that extraneous offense evidence is admissible under Rule 404(b), the trial court must, upon proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Id.*; *see* Tex. R. Evid. 403. A Rule 403 analysis must balance the following:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

**Gigliobianco v. State**, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *see also* **Erazo v. State**, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). However, if the only value of extraneous offense evidence is to show character conformity, the balancing test required by Rule 403 is obviated because "the rulemakers hav[e] deemed that the probativeness of such evidence is so slight as to be 'substantially outweighed' by the danger of unfair prejudice *as a matter of law.*" **Montgomery**, 810 S.W.2d at 387 (quoting **United States v. Beechum**, 582 F.2d 898, 910 (5th Cir. 1978)). We will not overturn a conviction if, after examining the record as a whole, we have fair assurance that the allegedly erroneous admission of extraneous-offense evidence either did not influence the jury or had but slight effect. **Taylor v. State**, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

6

**Analysis**

Appellant concedes that the evidence he engaged in an ATM theft in Missouri is relevant to his charge of engaging in organized criminal activity via an ATM theft. However, he urges that the evidence is prohibited by Rule 404(b) because "it is based purely on a character-conformity line of proof." He further urges that the State's attempt to offer the arrest as evidence of Appellant's *modus operandi* is flawed because the hook-and-chain method of stealing ATMs is not limited to Appellant and his crew. After hearing arguments and considering case law, the trial court decided the evidence is relevant to "prove the identity of [Appellant] being one of the conspirators or modus operandi of being pretty much the same type of robbery as going on here in Smith County."

Officer Jake Lalumondier from the Florissant, Missouri Police Department testified that he responded to a call of a reported ATM theft in October 2022. The dispatcher relayed that the suspects dislodged the ATM and attempted to drive away with the ATM attached to chains, which were attached to the back of a truck. When Lalumondier found the vehicle, it was still running, with no key in the ignition. The vehicle had been stolen the previous evening, and the suspects bypassed the ignition. The suspects fled on foot through a chain link fence and headed toward a creek. Lalumondier pursued the suspects and called for backup. Eventually, one suspect, Appellant, was apprehended. After the arrest, Lalumondier conducted a criminal history and learned of the warrant for Appellant's arrest in Smith County. When Appellant was taken into custody, officers seized his cell phone. Lalumondier testified that the phone number associated with that phone is the same as the number associated with the Smith County theft. Lalumondier further testified that the chain-and-hook appeared to be similar to those used in the Smith County theft.

The jury also heard substantial testimony regarding the process by which the Tyler detective determined Appellant's phone number was associated with the ATM theft in Tyler. This included reviewing cell phone tower information, call and text message information, cell phone application information such as CashApp, government records, and pawn tickets. Through his investigation, Detective Mackey identified Appellant's phone number and that the number did in fact belong to Appellant. He also confirmed that the number was associated with the ATM theft and the user of the phone associated with people known to commit ATM theft.

7

Based upon the record as a whole, we conclude that the extraneous offense evidence was relevant to show identity and modus operandi, and the trial court therefore did not err by admitting the evidence. *See* TEX. R. EVID. 404(b)(2); ***Montgomery***, 810 S.W.2d at 387. In addition, we conclude that the trial court properly performed the balancing test required by Rule 403. *See* TEX. R. EVID. 403; ***Gigliobianco***, 210 S.W.3d at 641-42. Moreover, the trial court did not err by implicitly determining that the evidence failed to suggest decision on an improper basis or confusion or distraction of the jury, and the evidence did not consume an inordinate amount of time or merely repeat previously admitted evidence. *See **Gigliobianco***, 210 S.W.3d at 641-42. Accordingly, we overrule issue two.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-23-00284-CR**

**DARRIN TREVON SCOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1462-22)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*